Statement of Facts.

SCRANTON SCHOOL D. v. A. SIMPSON ET. AL.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
OF LACKAWANNA COUNTY.

Argued February 26, 1890—Decided March 10, 1890.
[To be reported.]

1. The Municipal Corporations act of May 23, 1874, P. L. 230, by § 42 of
which it is provided that the city treasurer shall ex officio be school
treasurer in cities of the third class, does not abolish the office of school
treasurer as a separate office in such cities.
2. The city treasurer, in addition to his salary as such, is entitled, under
the act of May 8, 1854, P. L. 617, to such compensation for his services
in the capacity of school treasurer as the board of school controllers
may determine, not exceeding two per centum of the school taxes col-
lected.
3. When the school board have refused to fix any compensation for the
treasurer, he does not become in default upon his official bond, by retain-
ing at the end of his term the amount of the maximum commission
allowable under said act of 1854, and holding the same to await action
by the board fixing his commission.
4. While it is clear error to frame an issue under a rule to open a judg-
ment when the only dispute is upon a question of law, yet if the assign-
ment of error goes simply to the form of the replication ordered, the
Supreme Court will not necessarily reverse, where the final decree is
right on the merits.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and MC-
COLLUM, JJ.

No. 252 January Term 1890, Sup. Ct.; court below, No. 210
June Term 1889, C. P.

On April 9, 1889, judgment was entered by confession, in
the court below, in favor of the School District of Scranton
city against Alexander Simpson and others, upon a bond in
the penal sum of $60,000, conditioned for the faithful perform-
ance by Alexander Simpson, treasurer of said school district,
of his official duties as such, and the true accounting by him
for all moneys of the district coming into his hands, the bond
containing a warrant of attorney to confess judgment thereon.
On April 10, 1889, the defendants obtained a rule to open the

judgment. Subsequently the parties agreed upon the following facts for the consideration of the court in determining said rule:

That by ordinance duly approved March 16, 1877, the city of Scranton adopted the provisions of the act of May 23, 1874, P. L. 230, which adoption was duly certified by the governor on April 4, 1877, by letters patent bearing date that day; that, upon the issuing of said letters patent the four school districts of the said city were duly consolidated into one school district, which has since been known as the Scranton School District; that the treasurer of the city has been ex officio treasurer of the Scranton School District, and has collected all the school taxes and disbursed the same upon school warrants, in pursuance of and as provided for in §§ 35, 36, 37, 38, act of May 23, 1874; that at the municipal election held on the third Tuesday of February, 1887, the said Alexander Simpson was duly elected city treasurer of the said city of Scranton, was duly qualified as such and had discharged the duties of said office from the first Monday of April, 1887, to the end of his term on the first Monday of April, 1889; that, as city treasurer, said Simpson became ex officio school treasurer of the Scranton School District, was duly qualified as such, and had discharged the duties of said office of school treasurer from the first Monday of April, 1887, to the first Monday of April, 1889; that during his said term of office the sum of $311,582.76, school moneys, passed through his hands as school treasurer, and this sum, less the sum of $6,231.65, had been properly disbursed by him as school treasurer, the latter sum, two per cent on the former sum, being retained by him for his services as school treasurer; that by ordinance duly passed and approved, the salary of the city treasurer was fixed at $4,000 per annum, which had been paid to all city treasurers; that when he retired from office the said Simpson deducted the said sum of $6,231.65 from the balance of school moneys in his hands, and charged the same upon his account then rendered as "commission to Alexander Simpson, school treasurer, on $311,582.76;" that the said account of said Simpson was audited by the controller of said city, and the amount so claimed as commissions disallowed by said controller.

After argument and re-argument, the court, ARCHIBALD, P. J.,

filed an opinion, wherein it was ruled, first, that the defendants in the judgment were not concluded by the action of the city controller in disallowing defendant Simpson's claim for compensation, and, second, that the defendant Simpson "is entitled to such compensation, not exceeding two per cent on the moneys passing through his hands, as shall be determined upon a settlement of his accounts with the school controllers, and until this is passed upon he is in no default upon his bond in retaining the maximum amount." The rule to open the judgment was therefore made absolute.

Thereafter the court made an order framing an issue in the following form :

"Declaration in debt upon bond of Alexander Simpson, school treasurer of Scranton School District, alleging a breach of said bond by refusing to pay over to his successor in office the sum of $6,231.65 of school funds.

"Plea, that the said Alexander Simpson hath retained the said sum of $6,231.65, which sum does not exceed two per cent of the amount of money passing through his hands as school treasurer, during his term of office, and that the said Alexander Simpson has the right to retain the said sum for his services as treasurer of said school district.

"Replication, that the said Alexander Simpson was not entitled to retain the full sum of two per cent upon money passing through his hands as school treasurer, but only so much thereof as the board of school controllers of the Scranton School District should allow to said treasurer; and that the board of school controllers have always been willing to settle the accounts of said Alexander Simpson, and allow him a just and proper compensation for his services as said treasurer, but the said Alexander Simpson has never settled his accounts with said board.

"Rejoinder, that the board of school controllers have not been ready and willing to settle the accounts of said Alexander Simpson, and allow him just and proper compensation for his services as school treasurer, and of this they put themselves upon the country.

"Similiter and issue."

Thereupon the plaintiff took exception to the order framing the issue and to the form of the issue, because the plaintiff

Charge of Court below.

denied that Alexander Simpson was entitled to any compensation from the Scranton School District, and alleged that he was paid in full for his services by salary from the city of Scranton. At the request of the plaintiff this exception was noted upon the record.

At the trial of the issue on January 14, 1890, the plaintiff, after putting in evidence the judgment bond of the defendants, and the agreed statement of facts, rested.

The defendants then presented testimony showing that the defendant Simpson, in addition to notifying the school board of his claim for commissions in his quarterly statement rendered at the end of his official term, addressed to them on December 9, 1889, a communication requesting them to take action fixing the commission to be allowed him, and that the communication was received and placed on file, but no action was taken thereon. The defendants put in evidence also the report of the city controller, reading therefrom an extract explaining the controller's reasons for the disallowance of the credit of $6,231.65, mentioned in the agreed statement of facts, viz.: " Whether this amount, or any amount, should be allowed to the school treasurer, who holds this office and discharges its duties by virtue of his being city treasurer, raises a question of law which should be decided by the courts. I have therefore not allowed it."

At the close of the testimony the court, ARCHBALD, P. J., charged the jury in part as follows:

There is no question of fact to be submitted to you, because all the facts are either agreed upon or undisputed, or arise from the record evidence. The whole responsibility of the disposition of the case rests with me; it is a question of law, and the court, therefore, has to determine it. I simply put on record the reasons for my ruling. . . . .

It is claimed on the part of the plaintiff that the compensation provided for the city treasurer covers all the compensation he is entitled to, as city treasurer, or as ex officio school treasurer. This question was thoroughly argued not only before myself, but before the other two judges who compose this court. We decided, by opinion of record, that Mr. Simpson was not confined to the $4,000 mentioned in the ordinance re-

Charge of Court below.

ferred to, but that he was entitled to some compensation under the common-school law as school treasurer, distinct from the compensation provided by the city for him as city treasurer; and that he was allowed to retain, as school treasurer of the Scranton School District, not exceeding two per cent of the moneys passing through his hands, for his services. We also determined, in disposing of that question, that he was not in default upon his bond, and that the judgment upon the bond was not entitled to be maintained simply because he had retained the $6,231.65 in question. We did not decide how much of this $6,231.65 he might be ultimately entitled to, but we said that that was a question to be determined by the board of school controllers. It is within their discretion how much his compensation shall be; but until they have fixed his compensation, fixed the right to retain so much of the amount of $6,231.65, he is not in default upon his bond. . . . .

We hold that Mr. Simpson has the right to retain this $6,231.65, until the school controllers say what his compensation shall be; and they not having done that, and Mr. Simpson having made a reasonable effort to have the amount of his compensation fixed, we think he is not in default upon his bond.

This is a penal bond, and it can only be enforced according to its conditions. [We, therefore, refuse the three points which have been submitted on the part of the plaintiff, having virtually disposed of them in what I have already said to you, and direct your verdict to be entered in favor of the defendants.] [4] It does not determine that Mr. Simpson has the right eventually to retain the whole amount of the $6,231.65, but that he has the right to retain that amount until the actual amount which the school controllers decide upon has been determined by them. Until that has been done, he may retain this $6,231.65, and we decide at this time that he is not in default upon his bond.

The points of the plaintiff are as follows:

1. That the bond in suit having been given by defendants for the faithful performance by Alexander Simpson of the duties of school treasurer of the city of Scranton, and it appearing that Alexander Simpson has retained in his hands the sum of $6,231.65 of funds belonging to said Scranton School District, the verdict should be in favor of the plaintiff for that sum.

Arguments.

Answer: Refused.[1]

2. If the Scranton School District is indebted to Alexander Simpson in any sum whatever for any account, the said Alexander Simpson has no right to retain the amount of said indebtedness from the funds of the school district in his hands as school treasurer, or to set off the same from the judgment on this bond.

Answer: Refused.[2]

3. Under all the evidence, the verdict should be for the plaintiff for the sum of $6,231.65, with interest.

Answer: Refused.[3]

The jury rendered a verdict for the defendant and judgment was entered thereon. Thereupon the plaintiff took this appeal, specifying that the court erred:

1–3. In the answers to plaintiff's points.[1 to 3]

4. In giving the instructions contained in [ ] [4]

5. In directing the special replication in the issue framed.

6. In entering judgment on the verdict.

*Mr. H. A. Knapp* and *Mr. S. B. Price*, for the appellant:

1. The act of May 8, 1854, P. L. 617, under which Simpson now claims compensation, is entirely supplied, in so far as its provisions affect school treasurers in cities of the third class adopting it, by the act of May 23, 1874, P. L. 230, which vests the collection and disbursement of school moneys in a department of the city government. The provisions contained in §§ 35, 36, 39, and 41 to 43 of the act of 1874, fully bear out this statement. The treasurer of the school funds, under the act of 1874, is an entirely different officer in everything but name from the school treasurer under the act of 1854. He is chosen in a different manner, his duties are entirely different, and his compensation is different.

2. The act of 1874 is entirely silent concerning any specific compensation of the officer as school treasurer. When an act creates an office without naming any compensation, the officer can recover none: Dillon on Mun. Corp., § 169, et seq. Why should the policy of the act of 1874, to substitute a salary for a commission, apply to city taxes and not to school taxes? The intent of the act is that the city treasurer, controller and

solicitor shall perform certain duties for the school district composing the city, without extra compensation from the school district. The legislature may provide that the salary of an officer may be fixed by one board and paid by another: People v. Auditors of Wayne, 13 Mich. 233.

3. The act of 1874, must operate as a repeal of the act of 1854, because it revises the subject matter of that act, is evidently intended as a substitute for it, and the two acts are totally repugnant and inconsistent: Bartlett v. King, 12 Mass. 546 ; Johnston's Est., 33 Pa. 511; Keller v. Commonwealth, 71 Pa. 413 ; Gwinner v. Railroad Co., 55 Pa. 126 ; Pierpont v. Crouch, 10 Cal. 315; Endlich on Statutes, §§ 206, 208, 209. The city councils, as matter of fact, did fix the salary of the city treasurer for all his services, and their ordinance has uniformly been so construed heretofore. Moreover the controller's disallowance of Simpson's claim is conclusive : Par. 6, § 39, act of May 23, 1874, P. L. 230; Runkle v. Commonwealth, 97 Pa. 328. He stands in the place of borough and township auditors, and is to perform the duties specified in § 1, act of May 21, 1857, P. L. 631.

*Mr. I. H. Burns* and *Mr. Lemuel Amerman*, for the appellees:

1. The act of 1874 not only does not abolish the office of school treasurer, but clearly and repeatedly recognizes its existence as a separate office. The law makes the two offices separate and distinct, because they belong to two independent bodies, but it provides that they shall be held by the same person for the greater convenience of the people in paying their taxes. The two offices are not merged into one because the city treasurer holds by election and the school treasurer ex officio. There are numerous instances of the same person filling two offices in this way, and receiving a salary for each : § 9, article IV. of the constitution : act of May 24, 1878, P. L. 126 ; act of February 24, 1876, P. L. 3 ; § 47, act of April 13, 1887, P. L. 32; In re Coward, 15 Fed. R. 641; Collins v. United States, 15 Ct. of Claims R. 22.

2. It follows as a logical sequence, that the compensation allowed by the city councils does not include payment for services as treasurer of the school board. The statutory recognition of the distinctness of the two offices implies that the

officer may have the salary attached to each, and the city has no authority to fix or pay the compensation of a school officer. The school board is not made a department of the city government, nor does the act of 1874 make the school treasurer an officer without compensation; it leaves the provisions of the act of 1854 upon this subject in force. The decision in this case will not compel the payment of any money, but will leave it to the school board to fix the compensation at such amount as they see fit, a merely nominal sum if they choose.

OPINION, MR. CHIEF JUSTICE PAXSON:

It may have been the legislative intent, when the act of May 23, 1874, was passed, to abolish the office of school treasurer in cities of the third class, but it was not done, and there is no clear expression of such intent in the act itself. On the contrary, the forty-second section thereof provides that " the city treasurer shall ex officio be school treasurer, and before entering upon the duties of his office shall give bond to the school directors, conditioned for the faithful performance of his duties, in such amount as the board shall direct and with such sureties as shall be by them approved, and . . . . . take and subscribe an oath or affirmation of like nature as that pre-scribed for the city treasurer."

This language is clear, and leaves no room for doubt that the office of school treasurer remains an independent office, not affected by the act of 1874. It is true it is now filled by the city treasurer; he is ex officio school treasurer, and acts in a dual character; he gives bond for each office, and takes a separate oath of office for each. As city treasurer his salary is fixed at $4,000; can he also claim the salary or compensation affixed by law to the office of school treasurer? We see nothing to prevent it, unless it has been taken away by an act of assembly. This has not been shown. The defendant claims to retain the sum of $6,231.65, as his compensation under the act of May 8, 1854, until such time as his compensation shall be fixed by the board of school controllers, as provided by the act of 1854. They may fix it at any sum not exceeding two per centum upon the amount of school taxes collected. The school controllers have refused to fix his compensation, alleging, as we understand it, that he is not entitled to any pay whatever, be-

yond his salary as city treasurer.  For the reasons given, we do not think this position can be sustained.  We are of opinion that the court below took the proper view of it.

This decision does not entitle Mr. Simpson to the whole of the fund retained by him.  The school controllers may fix his compensation at any amount less than that sum.  All the court below decided, and all we decide, is that, until his compensation is fixed, he has the right to retain the sum referred to. The school controllers have practically the amount of his compensation under their control, and, if it is thought that he ought not to be entitled to any pay beyond his salary as city treasurer, the legislature can say so, and end the matter so far as his compensation for the future is concerned.  This has not yet been done.

The foregoing expresses our view of the law of this case. The fifth assignment was intended to reach the form of the proceeding below.  The record shows that the plaintiff excepted to the order framing an issue.  The assignment, however, only goes to the replication.  It is too plain for argument that it was a mistake to have awarded an issue.  There was nothing but a question of law to be decided by the court. There were no disputed facts for a jury to try.  Hence it was clear error to award an issue.  Had the assignment of error been as broad as the exception, we would have been compelled to reverse the case.  And while we might still do so, for the reason that the replication ordered by the court does not meet the plaintiff's case, we can see no good reason why we should do so.  It would only lead to further litigation, and as we have the question of law presented, although in a singularly indirect and inartificial manner, we have concluded, though not without hesitation, to decide the case as it stands.

Judgment affirmed.