133   493
139   582

JAMES McCAULEY v. EASTON SCHOOL DISTRICT.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF NORTHAMPTON COUNTY.

Argued March 12, 1890—Decided March 24, 1890.

Under § 42, act of May 23, 1874, P. L. 256, the city treasurer in a city of
the third class is ex-officio treasurer of the city school district; taking
a separate oath and giving bond to the school directors, he thus holds
two separate and independent offices, and is entitled to compensation
from each: Scranton School D. v. Simpson, ante 202.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WIL-
LIAMS, JJ.

No. 303 January Term 1890, Sup. Ct.; court below, No. 12
October Term 1888, C. P.

On August 18, 1888, a case stated was filed, wherein James
McCauley was plaintiff, and the school district of the city of
Easton was defendant, setting out as follows:

The city of Easton is a city of the third class, incorporated
under the act of assembly of May 23, 1874, P L. 230, and be-
came such on the first Monday of April, 1887.

The councils of said city on April 12, 1887, enacted an ordi-
nance fixing the compensation of the city treasurer. The board
of school controllers of the school district of said city did not
accept the provisions of said act of May 23, 1884, providing for
the public schools, but said school district continued to act un-
der the special law of March 22, 1866, P. L. 287, entitled, "An
Act relating to Common Schools of the Borough of Easton."

By virtue of the act of assembly of April 6, 1870, P. L.
1017, entitled, "An Act supplementary to an act incorporating
the Borough of Easton in the county of Northampton" and
the act of March 6, 1873, P. L. 205, entitled "An Act sup-
plementary to an act incorporating the Borough of Easton,"
etc., the borough treasurer of the borough of Easton was ex-
officio school treasurer and received an annual compensation
from said school district as is provided in said acts.

James McCauley, the plaintiff above named, was elected city

treasurer of the city of Easton on the third Tuesday of February, 1887, and assumed the duties of said office on the first Monday of April of said year. The said school district adopted, on the       day of          , a resolution directing the said city treasurer to act as treasurer of the school district. The said plaintiff gave bonds to said school district, conditioned upon the faithful discharge of his duties as school treasurer, and has since performed the duties of said office, for which service he has received no compensation from said school district.

If the court be of opinion that the said plaintiff is entitled to compensation from the said defendant, as treasurer of said school district, then judgment to be entered for the plaintiff in the sum of $450, but if not, judgment to be entered for the defendant, etc.

After argument, the court, REEDER, J., ordered judgment to be entered in favor of the plaintiff and against the defendant for $450. Thereupon, the defendant took this appeal, assigning the order entering judgment for the plaintiff, etc., for error.

*Mr. William Mutchler*, for the appellant.

Counsel cited : (1) Sections 29, 33, act of May 8, 1854, P. L. 619 ; section 2, act of March 8, 1856, P. L. 94; section 2, act of April 6, 1870, P. L. 1017 ; section 9, act of March 6, 1873, P. L. 207 ; sections 35, 42, act of May 23, 1874, P. L. 249. (2) Wharton v. School D., 42 Pa. 358 ; Dillon on Mun. Corp., §§ 22, 24. (3) Wayne Co. v. Waller, 90 Pa. 99 ; Lehigh Co. v. Semmel, 124 Pa. 358 ; act of May 23, 1889, P. L. 274. (4) Penna. R. Co. v. Riblet, 66 Pa. 164; Eby's App., 70 Pa. 311 ; Ayars' App., 122 Pa. 266.

*Mr. Aaron Goldsmith*, for the appellee.

Counsel cited : Act of March 22, 1866, P. L. 287 ; Hatfield v. Commonwealth, 120 Pa. 396 ; Commonwealth v. Beamish, 81 Pa. 390 ; Dewhurst v. Allegheny, 95 Pa. 437.

PER CURIAM:

This case is ruled by Scranton School District v. Simpson,

Syllabus.

ante, 202, decided at this term, where it was held that, inasmuch as the city treasurer was made, by the act of 1874, ex-officio treasurer of the school district, and took a separate oath, and gave bond to the school district, he held two separate and independent offices, and was entitled to compensation for each, unless his compensation as school treasurer had been taken away by an act of assembly.

The case stated fixes the amount of his compensation, if he is entitled to any, which relieves us of a discussion of that subject.

Judgment affirmed.