## GEORGE G. PIERIE v. PHILADELPHIA.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS NO. 4 OF PHILADELPHIA COUNTY.

Argued January 15, 1891—Decided January 26, 1891.

[To be reported.]

| 139 | 573 |
| 166 | 449 |
| 139 | 573 |
| 182 | 15 |

| 139 | 573 |
| 203 | ³596 |

| 139 | 573 |
| e208 | ³308 |

| 139 | 573 |
| 36 SC | ¹381 |

(*a*) The act of June 24, 1885, P. L. 160, provides that when a recorder of deeds, etc., has failed, during his official term, to authenticate the record of any deed, mortgage, or other instrument, by adding thereto the proper certificate or his signature, his successor in office shall certify or sign the same, and be paid by the proper county certain fees therefor.

(*b*) Under § 5, article XIV. of the constitution, in counties containing more than 150,000 inhabitants, all county officers shall be paid by salary

Case Stated.

and shall pay all fees into the treasury of the county or state, as may be directed by law. The salary of the recorder for Philadelphia county is fixed by act of March 31, 1876, P. L. 13, which directs the payment of all fees into the county treasury:

1. By reason of said constitutional provision, the salary, so fixed by the act of 1876, is the only compensation to which the recorder of Philadelphia county is entitled for the performance of his official duties, and it covers all such duties as may from time to time be imposed upon him by law; wherefore, he cannot collect from the county treasury the fees specified in said act of 1885.

2. The authentication, under the act of June 24, 1885, by the certificate and signature of the recorder, of the records of deeds made by his predecessors, is a duty imposed upon the recorder in his official capacity as such, and therefore such services are covered by his official salary: Scranton Sch. Dist. v. Simpson, 133 Pa. 202, and McCauley v. Sch. Dist., 133 Pa. 494, distinguished.

3. As to counties containing less than 150,000 inhabitants, the provision of said act of 1885, directing the payment of fees to recorders out of the county treasury, is unconstitutional, the title, to wit, "An Act to perfect the records of deeds, mortgages and other instruments in certain cases," giving no notice that the act contains such a provision: Per Mr. Chief Justice PAXSON.

4. Said act of 1885 was an unnecessary piece of legislation. It was called for by no public need, and serves no useful purpose. The certification required thereby would add nothing to the legal value of the records made by the officer's predecessors, and is of no possible advantage to the public interests: Per Mr. Chief Justice PAXSON.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 11 July Term 1890, Sup. Ct.; court below, No. 345 December Term 1889, C. P. No. 4.

On December 10, 1889, an amicable action was entered in the court below between George G. Pierie, plaintiff, and the city and county of Philadelphia, defendant, the following case being stated for the opinion of the court, in the nature of a special verdict:

"George G. Pierie, the plaintiff, is recorder of deeds for the county of Philadelphia, duly elected and qualified for three years from the first Monday of January, 1888; he is paid by salary, said county containing over 150,000 inhabitants.

"Under the act of May 28, 1715, § 1, 1 Sm. L. 94, it is the duty of the recorder of deeds for said county to 'record in a fair and legible hand all deeds and conveyances which shall be

Case Stated.

brought to him for that purpose.' Under said act, it was not the custom for the several recorders of deeds for said county to attach their signatures upon the records of said deeds and conveyances at the end thereof, or add any certificate whatever thereto, and none of the predecessors of said plaintiff ever did so.

" On June 24, 1885, the legislature passed the following act :

" ' AN ACT

" ' To perfect the records of deeds, mortgages and other instruments in certain cases :

" ' § 1. Be it enacted, etc., That in all cases where the term of the recorder of deeds and mortgages in the several counties of this commonwealth has terminated by death, resignation, or expiration of the term for which he was elected, and by reason of his having failed or neglected to authenticate the record of any deed, mortgage or other instrument of writing entered on the record, by adding thereto the proper certificate or his signature, his successor in office shall certify or sign the same.'

[§§ 2, 3, provide the forms of certificate and authentication.]

" ' § 4. The records of such deed, mortgage or other instrument of writing, thus authenticated, shall be taken and deemed to be as good and valid to all intents and purposes, as if the same had been certified to and signed by the proper recorder, during his term of office.

" ' § 5. The person performing such service shall be entitled to be paid by the proper county the sum of twenty cents for each certificate to record, and ten cents where the signature alone is wanting.'

" In conformity with his interpretation of said last-mentioned act, the plaintiff has certified 211 of certain deeds, which were entered of record by his predecessors, but not certified by them, and now claims that, as the person performing said service, he is entitled, under said last mentioned act, to be paid by the defendant the sum of twenty cents for each of said certificates to record.

" The defendant has refused to pay the same, alleging :

" 1. That the said act of 1885 is unconstitutional, in that it does not recite the said act of 1715, which it was intended to alter and amend.

" 2. That § 5 of said act of 1885, is in violation of § 5, article XIV. of the constitution of Pennsylvania.

Opinion of Court below.

" 3. That said act is not retroactive.

" 4. That, if said act of 1885 is retroactive, it applies only to deeds and other instruments not certified by the immediate predecessor of the present incumbent.

" If the court be of the opinion that the said sum is due and payable to the plaintiff, then judgment to be entered for the plaintiff for the sum of $42.20; but if the court be not of that opinion, then judgment to be entered for defendant, costs to follow judgment, each party reserving the right to an appeal."

After argument, the court, THAYER, P. J., entered judgment on the case stated for the defendant, filing an opinion in part as follows :

It has never been customary for the recorder in Philadelphia county to add any certificate to the record of the deed, or to attest it by his signature. The law did not require it, and consequently it was never done. He certified the recording of the deed upon the deed itself, when it was left to be recorded, as the act of 1715 required him to do, and he certified all exemplifications or copies from the records, as he was also required to do by the act. There would seem to be no more necessity for certifying every recorded deed at the end of the record, than there is of certifying in like manner any other public record which is kept in the courts or the public offices of the commonwealth.

The office of recorder of deeds has existed from the very foundation of the commonwealth. It was provided for in the "Laws agreed upon in England," under the name of the " Public Enrolment Office," and with the residue of those laws was enacted by the first general assembly which sat at Chester in 1682. From that time until the passage of the act of June 24, 1885, no one, at least in this part of the state, ever supposed that it was necessary, or that it was a part of the recorder's duty, to write a certificate in the record books at the end of each record of the deeds there recorded.

It has long been determined that the record books themselves are evidence of the deeds copied in them: Lewis v. Bradford, 10 W. 67, and that those records are constructive notice to all mankind: Evans v. Jones, 1 Y. 173. In hundreds of cases, those records have been given in evidence, on

Opinion of Court below.

the trial of causes in the courts, and no lawyer was ever found so astute as to object to the records for lack of such certificate. But, by the act of June 24, 1885, entitled "An Act to perfect the record of deeds, mortgages, or other instruments in certain cases," it was enacted: . . . . .

The act assumes, what is altogether untrue, that the omission to do that which is here provided for, was due to a failure or neglect of duty on the part of former recorders, whereas it never was their duty to do it. No such duty was ever imposed upon them by any law, written or unwritten, nor by any custom. The records of the office in Philadelphia for two hundred years will be searched in vain for any such certificates. How the recorder who is now to add these certificates to the old records is to know that the records made by his predecessors are true records, especially where those predecessors have been dead for several generations, except by finding the records spread out there in the official books, the act does not inform us.

The fifth section of this act requires the county to pay the recorder for the service to be rendered, in writing up certificates to these many thousand of old records, a fee of twenty cents for each certificate. I say, requires the county to pay the recorder. The language of the act is, "the person performing such service;" but that person, as will be seen by reference to the first section, is necessarily the recorder of deeds, and cannot be any one else. It is for the recovery of these fees which the city has refused to pay, that the present action has been brought.

It is insisted on behalf of the city that the act of June 24, 1885, so far as it provides a compensation for the recorder of deeds, by the payment to him of the fees mentioned in the fifth section, is unconstitutional and void, the same being in conflict with § 5, article XIV. of the constitution.

By § 12, act of March 31, 1876, entitled "An Act to carry into effect § 5, article XIV. of the constitution, relative to the salaries of county officers, and the payment of fees received by them into the state or county treasury, in counties containing over 150,000 inhabitants" the salary of the recorder of deeds "in counties, or in cities co-extensive with counties, containing over 300,000 inhabitants" (which is the modern statutory

name of the city of Philadelphia), is fixed at twelve thousand dollars.

Nothing can be plainer than the intention of the framers of the constitution of 1874 to substitute, in all counties containing over 150,000 inhabitants, for the old method of compensating county officers by fees, a new system, by which they are to be paid fixed salaries, not exceeding, however, the aggregate amount of the fees earned by them under the existing fee bills. That the payment by salaries was intended to exclude such officers from all right to compensation by fees, is perfectly clear; for the constitution not only says that "they shall be paid by salary," but expressly requires them to pay all fees received into the state or county treasury.

The prohibition of the receipt of fees for their own use, and the regulation of their compensation by fixed salaries exclusively, could hardly have been expressed in plainer language than that which is written in the constitution. It is impossible for any ingenuity to prevail against it. There is nothing left for construction or interpretation. It interprets itself as plainly as any words in the English language can do so, and there is no hook upon which to hang a query or a doubt. If the strongest prohibitory words had been used against a return by the legislature in the counties designated, either partially or entirely, to the old system of compensation of county officers by fees, it could not have made the matter plainer than it is written in the constitution.

Inasmuch as the act of June 24, 1885, was passed before the election of the plaintiff to his present term of office, it would have been competent for the legislature, by an act passed at that time, to have increased, prospectively, the amount of the compensation fixed by the act of March 31, 1876, if they had thought proper to do so. But the constitution permitted them to do that only by increasing the fixed salary. Its provisions amount to an absolute prohibition of their doing so, by creating additional fees of office without at the same time increasing the salary fixed by law.

The fifth section of the act of June 24, 1885, cannot be enforced in the county of Philadelphia without a plain infraction of the constitution. The present action, therefore, cannot be maintained.

Judgment for the defendant on the case stated.

—Thereupon, the plaintiff took this appeal, specifying that the court erred:

1. In entering judgment for the defendant on the case stated.
2. In not entering judgment for the plaintiff for $42.20.

*Mr. William S. Stenger*, for the appellant:

1. There is no express direction in the act of May 28, 1715, 1 Sm. L. 94, for the making and signing of a certificate on the book in which a deed has been recorded, as an authentication of the record. But, in Lewis v. Bradford, 10 W. 67, Mr. Justice Huston, laying down the doctrine that the record books are evidence, because they are copies of the original deeds, gives, as the authority for that decision, § 5 of the act of 1715, providing that " the copies or exemplifications of all deeds so enrolled, being examined by the recorder, and certified under the seal of the proper office (which the recorder or keeper thereof is hereby required to affix thereto) " shall be evidence, etc. The custom of appending certificates at the end of the record has in fact prevailed in some of the counties of the state for many years, and there is a wide-spread belief that the record is not complete without the authentication. The certificate carries the assurance that the deed, just as it is, has been recorded. But the act of June 24, 1885, P. L. 160, applies in all cases where the recorder has " failed or neglected to authenticate the record," whether such failure was or was not a neglect of an official duty.

2. The language of the act is capable of no other construction than that it is retroactive, and to accomplish its purpose of making the records in all the recorders' offices perfect, it must be retroactive, and apply to deeds recorded by any officer whose term has expired, not simply to those recorded by the immediate predecessor of the incumbent. It does not violate § 6, article III. of the constitution, by attempting to amend or extend the act of 1715 without re-enactment at length, but is entirely independent legislation: Donohugh v. Roberts, 11 W. N. 186. But, the serious contention of the defendant is, that the act of 1885 is in conflict with § 5, article XIV. of the constitution, providing that salaried county officers shall pay all fees into the county or state treasury, as directed by law, and

that in counties of a population greater than 150,000, all county officers shall be paid by salaries. The act of March 31, 1876, P. L. 13, was passed to carry that section into effect. It requires the recorder to pay fees into the ·county treasury; but it was intended to cover fees collected from parties other than the county, and did not intend to impose the absurd duty of collecting fees from the county, only to pay them back again.

3. The regulation of the compensation of county officers is a duty devolving upon the legislature from time to time : Crawford Co. v. Nash, 99 Pa. 253. The constitution does not restrict such regulation to an increase of the fixed salary : Commonwealth v. Butler, 99 Pa. 535. The service imposed by the act of 1885 is a special one outside the ordinary duties of the recorder, and it was doubtless to emphasize this that the legislature designated the recorder as "the person performing such service." Besides, in no other way could a reasonable compensation be fixed in a general statute applicable to all the counties of the state. The act of March 18, 1875, P. L. 32, requiring recorders to prepare and keep certain indexes, the cost thereof to be paid by the counties, has been followed all over the state, and its constitutionality has never been questioned. If the admission of the court below that the legislature might have provided this additional compensation in the shape of salary, is well founded, the objection is purely technical, and ought not to prevail, except upon the well-defined rules as to the constitutionality of statutes.

*Mr. Abraham M. Beitler*, Assistant City Solicitor, (with him *Mr. Charles F. Warwick*, City Solicitor,) for the appellee.

OPINION, MR. CHIEF JUSTICE PAXSON :

We quite agree with the learned judge of the court below that the act of June 24, 1885, P. L. 160, entitled "An Act to perfect the records of deeds, mortgages, and other instruments in certain cases," was an unnecessary piece of legislation. It was called for by no public need, and serves no useful purpose. The practical effect of it would be to largely increase the fees or perquisites of the respective recorders of deeds throughout the commonwealth, by requiring them to perform, either a wholly useless service, or services which they were bound to do

before the passage of said act. It would be a vain thing to require the recorder of the city of Philadelphia to certify upon each one of the millions of deeds on record in his office, that said deed was duly recorded by himself or one of his predecessors. It would add nothing to the legal value of the record. It would be just as sensible to require the prothonotaries of the respective courts of Common Pleas throughout the commonwealth, to certify upon the back of each of the papers which have been filed in said courts for the last hundred years that said paper had been filed. In either case we can see no possible advantage to the public interests ; but we can readily understand that, with a charge of twenty cents for each certificate, to be paid by the counties of the state, the act might be made a source of vast income to the recorders. It is only proper to say that the act was passed before the commencement of the term of the present plaintiff.

So far as this suit is concerned, the city is protected by § 5 of article XIV. of the constitution, which declares :

" The compensation of county officers shall be regulated by law, and all county officers who are or may be salaried shall pay all fees which they may be authorized to receive into the treasury of the county or state, as may be directed by law. In counties containing over 150,000 inhabitants, all county officers shall be paid by salary, and the salary of such officer and his clerk, heretofore paid by fees, shall not exceed the aggregate amount of fees earned during his term, and collected by or for him."

The act of March 31, 1876, P. L. 13, was passed to carry this provision of the constitution into effect, and the salary of the recorder of deeds for the county of Philadelphia was thereby fixed at $12,000, the said county having a population of over 300,000. This salary would not seem inadequate, in view of the fact that the duties of the office require neither previous training, knowledge, nor experience, and that the said duties are chiefly, if not wholly, performed by deputies and clerks, whose compensation is paid out of the emoluments of the office. It is a larger salary than is paid to the governor of the commonwealth, and very much larger than that received by the judges of this court. Yet the effect of this act, if enforced according to its terms, would increase the emoluments of the office to an extent that it is difficult to compute.

The constitution lies directly across the path of this proceeding. If there is any one matter in that instrument that is entirely clear to the dullest comprehension, it is the intent to substitute, in all counties containing over 150,000 inhabitants, a new system of fixed salaries for the old and universally condemned system of fees. The legislature has carried out this provision upon a most liberal scale, so far as salaries are concerned, and the fees collected are required to be paid into the state or county treasury. The act of 1885 is a plain attempt to evade both the constitution and the act of 1876, before referred to. Section 5 of the first-named act provides that "the person performing such service shall be entitled to be paid by the proper county the sum of twenty cents for each certificate to record, and ten cents when the signature alone is wanting." The "person" there referred to is the recorder of deeds, and the "service" is one which the act imposes upon him. That officer is required to perform, not only the duties or service which pertained to his office at the time he entered upon it, but also any additional duties which the legislature may from time to time annex to said office ; and the salary now fixed by law covers all those duties. It is well it should be distinctly understood that county officers whose salaries have been fixed by the act of 1876 have no right to extra charges for services pertaining to their offices, and which have been cast upon them by law. It is true, we held in Scranton Sch. Dist. v. Simpson, 133 Pa. 202, that where a man held both the office of city treasurer and treasurer of the school district, took a separate oath of office in each case, and gave a separate bond to each for the faithful performance of his duties, he was entitled, under the act of assembly, to receive a salary both from the city and the school district. See, also, McCauley v. Sch. Dist., 133 Pa. 493. But in Rothrock v. Sch. Dist., 133 Pa. 487, we held that the plaintiff, who was the controller of the city of Easton, was not entitled to charge for his services in auditing the accounts of the school district, although he performed the services, for the reason that he had never been elected or appointed auditor for the school board. The case in hand, however, has little analogy to those cited. The recorder of deeds, under the act of 1885, was not acting in a dual character, nor did he fill two offices. He was merely performing the duties which belonged

to his office, which had been imposed upon it by an act of assembly, and such services were covered by his official salary.

This decision applies only to the case of a salaried officer, under the act of 1876. But, as the act of 1885 is general, and affects each recorder of deeds and every taxpayer in the commonwealth, it is proper to say that it cannot be enforced, for the reason that it is unconstitutional. The title of it reads: "An act to perfect the records of deeds, mortgages, and other instruments in certain cases." This is all very well as far as it goes, but what is there in the title to give notice that the cost of this "perfecting" is thrown upon the county of Philadelphia, and the other counties of the state? In Phœnixville Bor. Road, 109 Pa. 44, it was held that the act of March 18, 1868, P. L. 352, entitled "An Act relating to boroughs in the county of Chester," which repealed certain provisions of a general act, respecting the proceedings for laying out and opening roads within the boroughs of Chester county, the effect of which was to relieve the property owners in the boroughs from the burden of paying damages for roads opened within the boroughs, and to shift that burden upon the county, was unconstitutional, for the reason that there was nothing in the title of the act to give notice to the property owners of the county that said burden had been placed upon them. The law upon this subject was very fully discussed by Mr. Justice STERRETT in that case and the authorities cited. The act of 1885 comes precisely within its ruling. There is nothing in the title of said act to give notice or warning to the taxpayers of the different counties of the state that the recorder's fees given thereby were imposed upon them. The act is so plainly unconstitutional that we consider it our duty to declare it so in this case.

Judgment affirmed.