## Anson, Appellant, v. County of Montgomery.

*Public officers—Assessors—Incompatible offices.*

1. Where an assessor was also a clerk in the recorder's office, and properly performed his duties in both capacities, he is entitled to full compensation for his services rendered as an assessor, although this work was performed outside of his working hours as transcriber or clerk.

2. A clerk or transcriber in the office of the recorder of deeds is a mere employee holding his position by the appointment of the recorder and revocable at his pleasure. His duties being clearly clerical, and not being inconsistent with those of an assessor, he is not a public officer, and his receiving a salary as clerk does not render him ineligible to act as assessor and receive compensation therefor.

Argued Dec. 2, 1918.    Appeal, No. 208, Oct. T., 1918, by plaintiff, from judgment of C. P. Montgomery Co., in favor of plaintiff in case of Wilson K. Anson v. The County of Montgomery.    Before ORLADY, P. J., PORTER,

HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Assumpsit for compensation as assessor of Worcester Township, Montgomery County. Before MILLER, J.

The facts are stated in the opinion of the Superior Court.

Verdict in favor of the plaintiff for the sum of $199.85.

On motion of defendant for judgment n. o. v. the court refused the motion but reduced the verdict to $8.84. Plaintiff appealed.

*Error assigned* was, among others, the order of the court reducing the verdict.

*Thomas Hallman,* and with him *E. L. Hallman,* for appellant.—The office of assessor does not prevent the holder from acting as a clerk in the recorder's office: Riddle v. Bedford Co., 7 S. & R. 386; Commonwealth v. Evans, 74 Pa. 124; Richie v. Philadelphia, 225 Pa. 511; Commonwealth v. Black, 201 Pa. 433.

The office of transcriber of deeds is not a public office and the incumbent thereof is not a public officer: Russel v. Luzerne Co., 3 D. R. 493; Commissioners Allegheny v. Murray, 3 Watts 348; Brown v. City of Scranton, 15 D. R. 981; Commonwealth v. Sheriff & Keeper, Northumberland Co., 4 S. R. 274; McCauley v. Easton School Dist., 133 Pa. 493.

Where an officer performs duties outside the duties of his office and not connected therewith he is entitled to compensation: U. S. v. Ripley, 7 Pet. 18; U. S. v. Saunders, 120 U. S. 126; Evans v. City of Trenton, 24 N. J. Law 764; Love v. Baehr, 47 Cal. 364; McBride v. Grand Rapids, 47 Mich. 236; Langdon v. Castleton, 30 Vt. 285; Cornell v. Irvine, 77 N. W. 114.

*Freas Styer,* for appellee.—The offices are incompatible: Montgomery Co. v. Bromley, 8 N. W. 923; Commissioners v. Templeton, 19 N. E. 183; Dailey v. Commissioners, 74 N. E. 977.

The same person is not entitled to two compensations for the same day's services: Potter v. Tioga County, 8 C. C. 24; Lucas v. Lycoming County, 34 C. C. 302; Marquette v. Berks County, 3 Pa. Superior Ct. 36.

OPINION BY ORLADY, P. J., February 28, 1919:.

The controlling facts in this case are not in dispute. The plaintiff was employed as a clerk or transcriber in the office of the recorder of deeds of Montgomery County, holding his position by appointment of that officer, and required by the rules and regulations of the office, to devote eight hours every day, except Sundays and legal holidays, to the performance of his duties, for which he received from the county a monthly salary which had been fixed by the County Salary Board, and regularly paid to him. While so acting as a clerk in the recorder's office, he was elected assessor for the term of four years in Worcester Township, and qualified for and entered upon the discharge of the duties of that office. He received his precept from the county commissioners dated December 11, 1916, requiring him to make the assessments in the township for the year 1917, and return the same on or before specified dates. He commenced work on January 2d, following, completed the designated work and made a return on February 15th, for which he claims compensation for thirty-nine (39) days' services at the rate of $3.50 per day. As assessor he made the enrollment of the militia for the year 1917, containing 168 names, and claims for this service at the rate of three cents per name. On April 2, 1917, he received a further precept from the county commissioners requiring him to make the registry for enrollment of voters in the township, to commence work on the first Monday of May, and to make his return on or before the twenty-eighth day of that month, and for this service he claims for nineteen days' time spent at the rate of $2.50 per day.

The compensations claimed by the plaintiff are those provided by law for the respective services rendered, and it is conceded that all his work was performed in a manner entirely satisfactory to the commissioners of the county. When his bills for services as assessor were presented, payment was refused for the assigned reason, that during the period when he acted as assessor he was receiving compensation as a clerk in the recorder's office. Suit was brought for recovery, and there being no fact in dispute, a verdict in favor of the plaintiff was directed by the court. Binding instructions for the defendant were declined to be considered on a motion for judgment non obstante veredicto, and a judgment was finally entered in favor of the plaintiff for a small part of his claim, excluding all pay for services rendered as assessor except on holidays. In a township of the second class an assessor is elected for a defined term, with duties semi-judicial in character, and under the decisions he is a public officer. A clerk or transcriber in the office of the recorder of deeds is a mere employee, holding his position by the appointment of the recorder and revocable at his pleasure. His duties being purely clerical and not being inconsistent with those of an assessor, he is not a public officer, so that the question of incompatible offices does not arise, nor is there any statutory inhibition against such dual employment or any good reason suggested for holding that it is against public policy. The court below held, that because the county pays for the services rendered in each capacity, it is not liable for both, and that having received pay as clerk at the rate of $100 per month, for eight hours per day, except legal holidays, this plaintiff is not entitled to receive any pay from the county funds for other services, however meritorious they might be, the theory being that under the law, eight hours shall constitute a day's work, the court saying, "It is a fair assumption that the clerk will give better service to his employer if thus allowed the remainder of his time for rest, recreation, re-

freshment and improvement, at least on those days on which he is required to work by the office rules, and their liberality should not make it possible for him, by the performance of any other work, official or otherwise, to claim additional compensation from the same source, because such a condition when viewed in its true light, would in theory at least allow the transcriber to receive double pay for the same day, and be against a wise public policy and encourage the employee to shirk the work for which he is primarily paid." There is no suggestion of double pay for an eight-hour day. The eight hour provision, under the Act of April 14, 1868, P. L. 99, is limited to the performance of the plaintiff's duty as clerk, and after the performance of his duty as such he had control of his time to engage in rest, recreation or other work as he might perform without regard to who was his paymaster: Marquette v. Burks, 3 Pa. Superior Ct. 36. Under the acts of assembly regulating his duties as assessor he is to perform them by the terms of his precepts at specified times, and within specified limits as to the number of days allowed. The office of assessor is not one of continuous employment. He may not demand pay for a longer period than is mentioned in his precept, and the law gives him compensation only for the days spent in the performance of his official duties. The law fixes no number of hours per day to be given to his work, and when the precept provides, it shall be done within a defined number of days from its receipt, it means days of twenty-four hours each, and this relates to and fixes the time after which the precept loses its vitality, but does not fix the number of hours required for a per day's work. The court held in this case, that the plaintiff was not entitled to recover any of his per diem charge as assessor, except for services he rendered on legal holidays. The Act of June 25, 1913, P. L. 559, provides for the payment of $3.50 per day for each day actually spent in the performance of the duty of assessor. While the word day, a natural day, is frequently defined as the space of

twenty-four hours between midnight and midnight, and that fractions of a day are rejected in all contractual disputes, yet where no number of hours per day is fixed for the performance of a duty, a rational construction of the statute would be the time reasonably employed to do the assigned work, and to mean the ordinary working day, and not necessarily twenty-four hours: Fay & Egan Co. v. Brown, 96 Wis. 434. A day, as used in a construction of a contract providing for a payment of so much a day, means a working day: McCloskey v. Klosterman, 20 Oregon, 108, s. c. 10 L. R. A. 784. The business in which an employee is engaged, may require eight, ten or any other number of hour's labor as a day's work, according to contract or usage: Hinton v. Locke, 5 Hill 437. Where a statute provides that a county superintendent of schools shall receive $5 per day for the time necessarily spent in the discharge of his duties, he is entitled to this daily compensation for each day on which it becomes necessary for him to perform any substantial official service, if he does perform the same regardless of the time occupied in its performance, and the time so spent constitutes a day's service for the superintendent: Smith v. Jefferson County Com's, 10 Col. 17, and a similar decision is found in White v. Dallas County, 87 Iowa 563. It was within the power of the legislature to fix the number of hours required to constitute an assessor's day, but no time being prescribed the customary meaning of the word is to be applied.

The conceded facts being that a clerk in the recorder's office is not a public officer, and that an assessor is a public officer, it follows that the two positions are not incompatible, and that his receiving a salary as clerk or transcriber in the recorder's office did not render him ineligible to act as assessor and receive compensation therefor. In the absence of an express provision in the statute regulating working hours, an officer who holds two or more separate and distinct offices, not incompatible with each other, to each of which compensation is

attached, may recover the compensation as provided by law for each office. In the eye of the law the same individual is two distinct officers, and for this reason is entitled to compensation incident to each office. There are many contracts recognized as valid by our decisions which allow compensation at an increased rate for overtime of services, even where the statute fixes a definite number of hours' work as constituting a day's pay. And this allowance of extra, special or overtime pay has not been considered inconsistent with the regular employment at a fixed number of hours per day: Converse v. U. S., 21 Howard 463; U. S. v. Brindle, 110 U. S. 688; Badean v. U. S., 130 U. S. 439; McCauley v. School Dist., 133 Pa. 493.

Taking the case as presented by the record, the plaintiff worked as assessor thirty-nine days, on an average of more than five hours per day, for which he seeks payment, and this work was performed outside of his working hours as transcriber or clerk. In view of the absence of statutory regulations, and in the light of the admission that the services were properly and satisfactorily performed, the plaintiff is entitled to recover the amount ascertained by the jury.

The judgment is reversed, and is now directed to be entered on the verdict.