# Esling's Appeal.
# In re confirmation of Plan No. 272.

1. A certiorari brings up for review nothing but the record, and the Supreme Court is confined strictly to questions affecting its regularity.

2. If the title of an ordinance fairly gives notice of its subject-matter it is sufficient. Blood v. Marcelliott, 3 P. F. Smith 391, followed.

February 20th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Certiorari to the Court of Quarter Sessions of *Philadelphia county :* Of July Term 1876, No. 84.

Appeal of Mary A. Esling and Amanda F. Hollahan from the confirmation by the board of surveyors of plan No. 272, of lines and grades between Ritner, Geary and Twenty-fifth streets and the Schuylkill river, Twenty-sixth ward.

The city council, June 29th 1874, passed the following joint resolution :—

" Resolution directing lines and grades over a portion of the Twenty-sixth ward.

" Resolved, by Select and Common Councils of the city of Philadelphia, that the department of surveys be and is hereby authorized and directed to prepare plans in duplicate of the lines and grades

[Esling's Appeal.]

of so much of the Twenty-sixth ward as is embraced between Twenty-fifth street and the river Schuylkill, Ritner and Geary streets."

Under this resolution plan No. 272 was made by the board of surveyors and confirmed by them September 7th 1874. An appeal to the Court of Quarter Sessions was taken by the appellants December 5th 1874, under the Act of June 6th 1871, which appeal averred that petitioners are freeholders within the boundaries of said plan and along the line of the new street laid down in the same, and along the line of Passyunk road as vacated in the same, who being duly sworn according to law, depose and say:

That they appeal from the confirmation by the board of surveyors of the city of Philadelphia, of plan No. 272.    Because:

1. The joint resolution of councils under which said plan is made gives no authority to lay out a new street.

2. Said resolution only authorizes a plan to be made of lines and grades.

3. Said resolution gives no authority to straighten and widen streets.

4. Said resolution gives no authority to vacate a street.

5. Said plan makes two Passyunk avenues from Thirtieth street to river Schuylkill without authority.

6. The new street is unnecessary.

7. The new street entails considerable loss and expense upon appellants without authority of law.

8. The new street entails serious loss and expense upon appellants, and renders useless a portion of their property, without corresponding advantage to the public or to them.

9. The appellants are instructed that they were not allowed a proper opportunity to present their objections to said plan before the board of surveyors according to law.

10. The said joint resolution is not a sufficient authority for the changes made by said plan.

11. The said joint resolution is defective under the Act of Assembly of May 23d 1874, sect. 3, and is, therefore, void.

12. The said new plan is unauthorized by law.

This appeal was dismissed June 2d 1876. A certiorari was sued out, and the record removed to the Supreme Court, wherein, on February 4th 1878, the following opinion was filed:

PER CURIAM.—" As this record stands, we have nothing before us which we can hear and determine. The plan exhibited we have no doubt is a proper exhibit, but it is not attached to, or certified with, the record. It exhibited a change in the Passyunk road or avenue, one of the oldest thoroughfares in the city of Philadelphia, whereby a new route is laid down, of the width of one hundred and twenty feet, and a part of the old route vacated, very materially affecting the interests of the appellants to the Quarter Ses-

[Esling's Appeal.]

sions.　It is not our province to review the action of the board of surveyors, or of the Court of Quarter Sessions, excepting so far as their action involves a question of power appearing in the case. Now, it is alleged that the board acted upon an ordinance of the city, containing no authority to lay out new streets and vacate old ones, but merely a power to regulate the lines and the grades of streets, already surveyed on the general plan and to report their work in a plan.　The plan reported, it is alleged, exhibits an unauthorized action of the board, in vacating an old, and locating a new street, and hence the appeal.　On the other hand, it is said, the form of the ordinance is the same as that always used, and implies an authority to alter, not only lines, but routes.　As the rights of the appellants depend on this question of authority, we are disposed to hear an argument upon the character, use and effect of the ordinance or resolution, as it is termed, of June 29th 1874.

"To this end, leave is given to withdraw the record on file, for the purpose of amendment, and a new return to the writ of certiorari, as if upon a certiorari sur diminution of the record. · The appellant can then move the court below, to enter in full· *nunc pro tunc* the decree involved in the entry of appeal dismissed June 29th 1876, and forthwith to certify to us a copy of the resolution of June 29th 1874, and the map, or a true copy thereof, brought into the Court of Quarter Sessions, by the appeal of the plaintiffs in error.　Ordered, February 4th 1878."

The record was remitted for correction in accordance with this opinion, and leave granted by the court below to file a certified copy of plan 272, and of the resolution of councils of June 29th 1874, which was done, and a decree entered *nunc pro tunc*, dismissing the appeal and confirming the said plan.　The record thus corrected was returned to the Supreme Court, the error assigned being the dismissal of the foregoing exceptions to the plan.

*Edw. D. McLoughlin* and *Benjamin Harris Brewster*, for appellants.—The errors we assign are to the extent of the authority conferred by the resolution of councils, and to the validity of the resolution itself.　The powers of the board of surveyors are conferred by the Acts of April 21st 1855, Purd. Dig. 1288, and June 6th 1871, Pamph. L. 1353.　Under the authority thus conferred they must act in accordance with the directions of councils.　The resolution in question only directed plans to be prepared of the lines and grades.　It did not authorize a new street to be made, and an old one to be vacated.　The board's action was clearly *ultra vires*: Paynter *v.* Young, 4 Phila. R. 154; Ferree *v.* Board of Surveyors, 9 Id. 518; Duhring's Appeal, 30 Leg. Int. 153.

The Act of May 23d 1874, Pamph. L. 231, provides that, "No ordinance shall be passed through councils except by bill," * * *

"and that no bill shall be passed containing more than one subject, which shall be clearly expressed in its title."

Either the resolution does not confer such broad powers as are here claimed, or, if it does, the title does not clearly express the subject nor express it at all, and therefore it is void under the above act.

*J. Howard Gendell*, Assistant City Solicitor, and *W. Nelson West*, City Solicitor, for the City of Philadelphia.—Whether the resolution authorizes the laying out of streets or merely directs a plan to be made of the existing streets does not appear by the record, and we contend that this court will not, therefore, review the question on this writ of certiorari. It is only necessary that the title should fairly give notice of the subject of the act, so as reasonably to lead to inquiry into its body: Blood *v.* Mercelliott, 3 P. F. Smith 391; Church St., 4 Id. 353; Dorsey's Appeal, 22 Id. 192; Allegheny County Home's Case, 27 Id. 77; State Line and Juniata Railroad Co.'s Appeal, Id. 429; Mauch Chunk *v.* McGee, 31 Id. 433.

Mr. Justice PAXSON delivered the opinion of the court, Marcn 3d 1879.

This was a certiorari to the Court of Quarter Sessions of the city and county of Philadelphia, to bring up for review the record of said court dismissing the appeal of Mary A. Esling and Amanda F. Holahan from the confirmation of plan No. 272 by the board of surveyors of said city.

The case was before us last year, when it was found that there was nothing upon the record to enable us to form an intelligent judgment upon the points in controversy. In order, however, that no injustice might be done the plaintiffs, the following order was made:

"Leave is given to withdraw the record on file, for the purpose of amendment and a new return to the writ of certiorari, as if upon a certiorari sur diminution of record. The appellant can then move the court below to enter in full *nunc pro tunc* the decree involved in the entry of appeal dismissed June 29th 1876, and forthwith to certify to us a copy of the resolution of June 29th 1874, and the map, or a true copy thereof, brought into the Court of Quarter Sessions, by the appeal of the plaintiffs in error."

We have now certified to us, by a further return to the certiorari, the decree of the court below made *nunc pro tunc;* a copy of plan No. 272, and a copy of the resolution of councils of June 29th 1874.

The plaintiffs have filed ten specifications of error, the most important of which are those which deny the power of the board of

surveyors, under the resolution of councils, to lay out new streets, and to straighten, widen or vacate old ones.

The interest of the plaintiffs appears nowhere except in their affidavit, filed in the court below upon their appeal. In it they state that they are "freeholders within the boundaries of said plan," and that said plan will entail considerable loss and expense upon them without authority of law.

A great deal that was pressed upon us at the argument was outside this record. Too much stress must not be laid upon the fact, that we permitted the resolution of councils and the plan to be certified to us upon the certiorari. They were not legitimately any part of the record of the court below, nor did our order or permission to certify them make them so. In the view which we take of the case, any further comment on the effect of bringing up the papers referred to becomes unnecessary, and it is referred to merely to prevent misapprehension hereafter.

The Act of 6th June 1871, Pamph. L. 1353, confers upon the board of surveyors authority to confirm or reject all plans of surveys or revisions of plans of the city of Philadelphia, when the same shall have been made by direction of the Select and Common Councils of the said city. The plan in controversy, No. 272, was made under this act. The city councils, by their joint resolution of June 29th 1874, ordered "that the department of surveys be and is hereby authorized and directed to prepare plans in duplicate of the lines and grades of so much of the Twenty-sixth ward as is embraced between Twenty-fifth street and the river Schuylkill, Ritner and Geary streets." In order to ascertain whether the board of surveyors exceeded the authority contained in this resolution, we must look at what they have done, as we find it in the record. And for the purposes of this case, giving the plan all its effect as though a part of the record, we find nothing in it but the lines and grades of the streets in the territory referred to. This is precisely what the resolution of councils directed. But it is said new streets have been laid out and old ones vacated. All this is *dehors* the record and the plan. The latter furnishes us no information as to what are old streets and what new. It is true, a street is marked vacated. But vacated when and by what authority? For aught that appears, it may have been vacated years ago, by order of the Court of Quarter Sessions, upon proceedings properly had for that purpose.

The difficulty in the way of the plaintiffs is, that they cannot, upon a certiorari, have the case heard as upon an appeal. Where an appeal is given by Act of Assembly, the parties are entitled to be heard upon the merits. The certiorari brought up nothing but the record, and we are confined strictly to questions affecting its regularity.

One question only remains. The Act of 23d May 1874, Pamph. L. 230, regulating the passage of ordinances by councils, provides

8 NORRIS—14

that "no bill shall be passed containing more than one subject, which shall be clearly expressed in its title." This clause is identical in language with the clause in the constitution relating to Acts of Assembly. The rule, as settled by numerous decisions under the constitutional provision, is, that it is sufficient if the title fairly gives notice of the subject-matter of the act, so as reasonably to lead to an inquiry into its body: Blood *v.* Mercelliott, 3 P. F. Smith 391; Church Street, 4 Id. 353; Dorsey's Appeal, 22 Id. 192; Allegheny County Home's Appeal, 27 Id. 77; State Line and Juniata Railroad Co.'s Appeal, Id. 429; Mauch Chunk *v.* McGee, 31 Id. 433. The resolution in question is entitled "Resolution directing lines and grades over a portion of the Twenty-sixth ward." If the title is not entirely beyond criticism, it certainly comes within the rule laid down in the cases above cited.

Proceedings affirmed.