# Dailey *v.* Potter County, Appellant.

*Constitutional law—Title of act—Poor law—Act of June* 6, 1893, *P. L.* 328.

The Act of June 6, 1893, P. L. 328, entitled " An act providing for the relief of needy, sick, injured, and, in case of death, burial, of indigent persons, whose legal place of settlement is unknown," is defective in title and unconstitutional, inasmuch as the title gives no notice to counties in which almshouses are not maintained by the county funds, of the burdens imposed upon them by the act.

Argued March 7, 1902. Appeal, No. 116, Jan. T., 1902, by defendant, from judgment of C. P. Potter Co., March T., 1902, No. 29, on case stated in suit of James Dailey and T. E. Logue, Overseers of the Poor of the Poor District of Sylvania Township, v. Potter County. Before McCollum, C. J., Mitchell, Brown, Mestrezat and Potter, JJ. Reversed.

Case stated to determine the liability of a county under the act of June 6, 1893. Before OLMSTED, P. J.

The material portions of the case stated were as follows:

That Joseph Adams, Jacob Swanson, Henry Edgar and Jerry Donovan, were nonresidents of Potter county, Pennsylvania, and while in the poor district of Sylvania township, in said county of Potter, became injured and sick, and being in needy and indigent circumstances, orders of relief were taken for each of them, individually, before two justices of the peace, of said township of Sylvania, in said county of Potter.   These orders were duly served upon the overseers of the poor of the poor district of said Sylvania township, who thereupon supplied the said paupers with and paid for the necessary support, shelter, medicine, medical attendance and nursing required for them, this relief being furnished within six years last past and paid for within said six years last past.

That the places of settlement of all of said paupers were and are unknown.

That in the county of Potter, there is no poor or almshouse for the support, care and shelter of the needy and indigent, maintained by and at the county expenses.

This action was brought to recover under the Act of June 6, 1893, P. L. 328, entitled " An act to provide for the relief of needy, sick, indigent and in case of death, burial, of indigent persons, whose legal places of settlement are unknown," from the county of Potter, the expenses thus incurred in the above matter, for the relief, support, nursing and care of said indigent persons whose legal places of settlement were and are unknown.

That the amount of such expenses so incurred by the said poor district for the relief, support, nursing and care of such indigent persons, is the sum of $1,503.25.

The court entered judgment for plaintiff on the case stated.

*Error assigned* was in entering judgment for plaintiff on case stated.

*A. S. Heck*, of *Peck, Stone, Heck & Dubois*, for appellant.— The title should embrace the subject of the proposed legislation expressed so clearly as to give notice of the legislative purpose to members of the legislature and those who may be especially

interested therein : Road in Phœnixville, 109 Pa. 44 ; Mt. Joy Boro. v. Lancaster, etc., Turnpike Co., 182 Pa. 581 ; Ridge Ave. Pass. Ry. Co. v. Phila., 124 Pa. 219 ; Com. v. Samuels, 163 Pa. 283 ; Gackenbach v. Lehigh Co., 166 Pa. 448 ; Dorsey's Appeal, 72 Pa. 192 ; Rogers v. Manufacturer's Improvement Co., 109 Pa. 109 ; Quinn v. Cumberland Co., 162 Pa. 55.

It has been further held that the notice required in the title to an act is sufficient if it reasonably leads to an inquiry into the body of the bill : Carother's Appeal, 118 Pa. 468 ; Esling's Appeal, 89 Pa. 205 ; State Line and Juniata Railroad Co.'s Appeal, 77 Pa. 429 ; Dorsey's App., 72 Pa. 192 ; Ridge Ave. Pass. Ry. Co. v. Phila., 124 Pa. 219 ; Phœnixville Road, 109 Pa. 44 ; Borough of Mt. Joy v. Lancaster, etc., Turnpike Co., 182 Pa. 581.

The court's attention is called to the case of Overseers of the Poor v. Armstrong County, 11 Pa. Superior Ct. 175.    This case expressly decides the act of assembly in question to be constitutional.    The rule in this case is carried far beyond any decision of the Supreme Court.

*H. C. Dornan*, of *Dornan & Ormerod*, for appellee.—If the title of an act fairly gives notice of its contents, so as reasonably to lead into an inquiry into the body of the bill, that is all that is necessary : Allegheny County Home's Appeal, 77 Pa. 77 ; State Line, etc., R. R. Company's Appeal, 77 Pa. 429 ; Carother's Appeal, 118 Pa. 468 ; Esling's Appeal, 89 Pa. 205 ; In re Registration of Campbell, 197 Pa. 581 ; New Brighton Borough v. Biddell, 14 Pa. Superior Ct. 207, affirmed by the Supreme Court in 201 Pa. 96 ; Hays v. Cumberland Co., 5 Pa. Superior Ct. 159 ; Allegheny County Home's App., 77 Pa. 77 ; Lackawanna Twp., 160 Pa. 494 ; Bennett v. Hunt, 148 Pa. 257 ; Sugar Notch Borough, 192 Pa. 349.

If the subject of the act is fully expressed in its title, the means or method by which the subject of the act is to be accomplished need not be mentioned in the title : Commonwealth v. Green, 58 Pa. 226 ; Lea v. Bumm, 83 Pa. 237 ; Meyers v. Commonwealth, 110 Pa. 217 ; Commonwealth v. Sellers, 130 Pa. 32.

OPINION BY MR. JUSTICE BROWN, October 13, 1902 :

The single question raised on this appeal is the constitu-

tionality of the act of assembly of June 6, 1893, P. L. 328. It is entitled "An act providing for the relief of needy, sick, injured, and, in case of death, burial, of indigent persons whose legal place of settlement is unknown;" and the contention of the appellant is, that it is violative of the constitution, because its subject is not clearly expressed in its title. By its express terms it affects only those counties in which poor or almshouses are not maintained out of the county funds, and, if its subject is so clearly expressed in its title that the counties affected by its radical changes ought reasonably to have been led to inquire into its body, it does not offend section 3, article III of the constitution: State Line and Juniata Railroad Company's Appeal, 77 Pa. 429; Esling's Appeal, 89 Pa. 205; Carother's Appeal, 118 Pa. 468; but the converse is also true, and, if there is nothing in the title fairly indicating the purpose of the act, it cannot be sustained when assailed by those whom it materially affects: Road in Phœnixville, 109 Pa. 44; Pierie v. Philadelphia, 139 Pa. 573; Mt. Joy Boro. v. Lancaster, etc., Turnpike Co., 182 Pa. 581.

Whether the title to this act so clearly expresses its subject as to relieve it from the constitutional objection urged against it, must be determined from an examination of its provisions, found in the following words: "In each and every county of this commonwealth in which a poor or almshouse for the support, care and shelter of the needy and indigent is not maintained by and at county expense, it shall be the duty of the poor directors or overseers of the poor of the several poor districts in such counties to provide all needy, sick and injured indigent person or persons in their said several districts with necessary support, shelter, medicine, medical attendance, nursing, and in case of death, burial, whether said needy, sick and injured indigent person or persons have a legal settlement in the poor district in which they thus require and receive assistance or not; but all expenses thus incurred for the relief, support, nursing, care or burial of such indigent person or persons whose legal settlement is unknown shall be borne by the county in which the poor district furnishing such relief is located. And in the event of any such poor⁴ district having assumed or paid the expenses thus incurred for the relief or burial of any indigent person or persons whose legal settlement

is unknown, the county in which such poor district is located shall be liable to such poor district in an action of assumpsit in a civil court for the amount thus expended or incurred, and the want of an order of relief or approval order shall not be a bar to recovery." Prior to the passage of this act the duty of supporting and caring for indigent persons while living, and burying them when dead, was imposed upon the respective poor districts of the counties in which poor or almshouses were not maintained, whether the legal settlement of such persons was known or unknown. To discharge the duties so imposed, the overseers of the said poor districts are authorized to levy and collect a tax upon all reaī and personal estates within each township composing a poor district. But the act of 1893, without the slightest indication that can be found in its title of its purpose so to do, shifts from the respective poor districts of a county, where a poor or almshouse is not maintained at the county's expense, a portion of the burden long borne by the said poor districts, and provided for by a special tax, and imposes it upon the county itself as an additional object of public support. It does more than this. It imposes the burden upon the counties affected by it without giving them, through their commissioners, a voice in determining in any case whether relief should be furnished; overseers of the poor in any district are to be the sole judges whether such relief should be furnished, and against their improvidence county commissioners are powerless, and the general public has no protection, for " all expenses thus incurred for the relief, support, nursing, care or burial of such indigent person or persons whose legal settlement is unknown shall be borne by the county in which the poor district furnishing such relief is located." Even the right of the county to be heard in its courts against the improvidence or recklessness of the overseers of the poor seems to be denied by the act, for its words are that the county must pay, without question or the right to make complaint, however just the same may be.

While it is true that the title to an act need not be a complete index to its contents, it must not, on the other hand, mislead. The purpose of the constitutional provision, invoked by the appellant, is to give information to the members of the legislature, or others interested, by the title of the bill, of the contem-

plated legislation, and thereby to prevent the passage of un-
known and alien subjects, which may be coiled up in the folds
of the bill: Dorsey's Appeal, 72 Pa. 192. What we said in
Quinn v. Cumberland County, 162 Pa. 55, in passing upon an
act authorizing the town council of the borough of Carlisle to
establish a board of health, may well be repeated here: " The
commissioners of the county are not entitled to any participa-
tion in the adjustment and determination of any of the expenses
incurred by the board of health, nor have they any power of
correction of bills which might be subject to criticism, or which
might be regarded as excessive or unreasonable. Their duty is
simply ministerial and mandatory. They are absolutely re-
quired to pay the expenses, when audited and adjusted by the
board of health and presented to the commissioners. They
have no control over the board of health, nor any right to have
a hearing in the courts as to any bills which they might deem
objectionable. Now, while it is probably competent for the leg-
islature to enact such laws, it is their duty, and their constitu-
tional obligation, to give notice in the title of such enactments,
of their intention to impose such liability upon the municipal
organization which is to be affected, and if this duty is neglected,
such legislation is contrary to the requirements of the constitu-
tion and therefore void." " The object of that requirement is
that legislators, and others interested, shall receive direct notice
in immediate connection with the act itself, of its subject, so that
they may know or be put upon inquiry as to its provisions and
their effect. Suggestions or inferences which may be drawn
from knowledge dehors the language used, are not enough.
The constitution requires that the notice shall be contained in
the title itself: Phœnixville Road, 109 Pa. 44; Ridge Ave.
Pass. Ry. Co. v. Phila., 124 Pa. 219; Phila. v. Ridge Ave. Pass.
Ry. Co., 142 Pa. 484;" Com. ex rel. v. Samuels et al., 163 Pa.
283. " To omit, as the act under consideration does, all indica-
tion of its most important feature and effect is to fail entirely
in the constitutional requirement that the subject shall be
clearly expressed in the title:" Stegmaier v. Jones, 203 Pa. 47.

Surely it cannot be reasonably urged that counties not main-
taining poor or almshouses should have been put upon notice
by the title to the act under consideration of the radical changes
proposed by it. It is rather reasonable to conclude that, with

the poor within their borders supported by the respective poor districts, the proposed legislation was to affect only such districts, and not the counties.    Further comment could not make this plainer.    The judgment of the court below is reversed and the record remitted, with direction that judgment be entered for the defendant on the case stated.