# Bridgewater Borough v. Big Beaver Bridge Company, Appellant.

210    105
35 SC  370
35 SC  413

210    105
222    352

*Constitutional law—Title of statute—Statutes—Act of May 3, 1878, P. L. 41.*

The Act of May 3, 1878, P. L. 41, entitled "A supplement to an act entitled 'An act to authorize the acquisition by the several counties of this commonwealth, for the use of the county, of bridges, erected over rivers, creeks and rivulets, and for the abolition of tolls thereon,' approved the eighth day of May, 1876, designed to amend the third section of the said act, and also to amend the first proviso of the fifth section of said act, so that not more than fifteen thousand dollars shall be paid by any one county for the purchase of any such bridge," does not violate section 3, article 3, of the constitution of Pennsylvania relating to the title of statutes. The title of the act gives sufficient notice to the county commissioners of the amendment which takes away from them the right of approval of the report of the viewers.

Argued Oct. 19, 1904. Appeal, No. 184, Oct. T., 1904, by defendants, from decree of C. P. Beaver Co., Sept. T., 1904, No. 1, on bill in equity in case of Bridgewater Borough v. President, Managers and Company for erecting a bridge over Big Beaver Creek at or near Wolf Lane, in the county of Beaver, a corporation, James G. Mitchell, E. S. Weyand and Ira Foster, toll takers, agents, collectors or employees. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Bill in equity for an injunction. Before WILSON, P. J.

The bill prayed for an injunction to restrain the defendant and its agents from collecting tolls for the use of the defendant's bridge over Big Beaver creek, between the boroughs of Bridgewater and Rochester, on the ground that the said bridge had been taken by the county of Beaver under the right of eminent domain, and was a free county bridge. The defendants denied the validity of the proceedings on the ground that the Act of May 3, 1878, P. L. 41, was insufficient in title and unconstitutional. The court awarded the injunction prayed for by the bill.

*Error assigned* was the decree of the court.

*Agnew Hice*, with him *J. M. Buchanan* and *E. S. Weyand*, for appellant.—Absolutely no place is left by the act of 1878 for the exercise of discretion by the county commissioners. This is a change in the method of administering county finances and no notice of such legislative intent is to be found in the title of the act: Stegmaier v. Jones, 203 Pa. 47 ; Dailey v. Potter County, 203 Pa. 593 ; In re Sugar Notch Borough, 192 Pa. 349.

*James H. McCreery*, with him *W. A. McConnel*, for appellee.—If a supplement be germane to the original bill, it is sufficient in the title, to style it as a supplement to the original act : R. R. Co.'s App., 77 Pa. 429.

If doubt arises it is to be resolved in favor of the constitutionality of the act : Com. v. Butler, 99 Pa. 535 ; Kachell v. Moyer, 11 Pa. Dist. Rep. 291 ; Mt. Joy Boro. v. Lancaster, etc., Turnpike Co., 182 Pa. 581.

If the title of the act fairly gives notice of the subject so as to reasonably lead to an inquiry into the body of the act it gives due notice of the contents of act : Mauch Chunk v. Mc-Gee, 81 Pa. 433 ; Commonwealth v. Sellers, 150 Pa. 32 ; Millvale Boro. v. Evergreen Ry. Co., 131 Pa. 1 ; Allegheny County, Home's Case, 77 Pa. 77 ; Com. v. Hazen, 207 Pa. 52.

OPINION BY MR. JUSTICE BROWN, December 31, 1904 :

The proceedings to condemn the bridge of the appellant company were instituted in the court of quarter sessions of Beaver county under the Act of May 8, 1876, P. L. 131, as amended by the Act of May 3, 1878, P. L. 41. The original act is entitled " An act to authorize the acquisition by the several counties of this commonwealth for the use of the county, of bridges erected over rivers, creeks and rivulets, and for the abolition of tolls thereon." The supplement of 1878, according to its title, is " designed to amend the third section," of the act of 1876.

No question is raised as to the constitutionality of the act of 1876, and if the proceedings had been conducted under it as unamended and in accordance with its requirements, we do not understand that any question would be raised by the appellants as to their validity. After the viewers appointed by

the court to pass upon the necessity of a free bridge and the abolition of tolls on it have reported, the third section of the act provides: "If upon the report of the viewers it shall be unanimously approved by the county commissioners, and it shall also appear to the court and grand jury that such bridge ought to be declared a county bridge, and is necessary for the public accommodation, and that payment of tolls thereon is an unjust burden on the traveling public and the people of the township or townships near where the same is located, the report shall be approved and the damages shall be payable out of the county treasury, and the said bridges shall be taken possession of by the county commissioners, and shall thenceforth be declared a county bridge, and all tolls for travel thereon shall cease." By the 1st section of the act of 1878 there is substituted for this: "If upon the report of the viewers, it shall appear to the court and grand jury that such bridge ought to be declared a county bridge, and is necessary for the public accommodation, and that payment of tolls thereon is an unjust burden on the traveling public and the people of the township or townships near where the same is located, the report shall be approved, and the damages shall be payable out of the county treasury, and the said bridge or bridges shall be taken possession of by the county commissioners, and shall thenceforth be declared a county bridge, and all tolls for travel thereon shall cease." The contention of the appellants, as they state it, is that the amendment, which takes from the county commissioners the right of approval of the report of the viewers, if read into the act of 1876 as a substitute for its third section, cannot stand under the title, as it fails in the constitutional requirement that the subject of the act shall be therein clearly stated.

If the act of 1876 embraces but one subject, as it does, and the same is clearly expressed in the words "the acquisition by the several counties in this commonwealth for the use of the county, of bridges erected over rivers, creeks and rivulets, and for the abolition of tolls thereon," the only question is whether the third section as amended is germane to the subject.

The appellants ask us to say that, from the title of the act, no notice was given that the county commissioners should not

have a voice in passing on the question of the necessity of abolishing tolls and bridges in their respective counties and making them free from toll, and that, therefore, the act is not constitutional. The title to the act being the acquisition of bridges for the use of the county, and the abolition of tolls thereon, there was notice in it that counties were to be affected by the proposed legislation. There was, therefore, notice to every board of county commissioners in the commonwealth that they ought to make inquiry into the body of the act; and notice of the proposed amendment to the original act was notice to the county commissioners to look into it.

If the title fairly gave notice of the subject of the act, so as to reasonably direct inquiry into its body, the constitutional requirement was not violated: State Line & Juniata Railroad Company's Appeal, 77 Pa. 429; Carothers v. Phila. Co., 118 Pa. 468; Dailey v. Potter County, 203 Pa. 593. If the commissioners had made inquiry into the amendment, they would have learned from it that, though their duties were to be ministerial in connection with the condemnation of bridges after action by the court and grand jury, as has been the case for more than half a century in matters relating to roads after action taken by the court, they would also have learned from the act that provision was made for the protection, through them, of the county against excessive awards of damages in the reports of viewers, even if approved by court and grand jury. They would have discovered in it no " departure, almost revolutionary, from the settled policy of the state on the administration of the affairs of counties," as we were compelled to say was contemplated by the Act of May 5, 1899, P. L. 231: Stegmaier v. Jones, 203 Pa. 47. In speaking of that act the present Chief Justice said: " But passing over the conflict between sections 6 and 7, as to the duties of the county commissioners and the grand jury and conceding that they may be reconciled, the body of the act puts the final authority in the grand jury. The most important feature in the act, therefore, the power to impose on the county the very serious burden of debt which would be involved for example in this petition, is thus without any notice in the title transferred to a shifting and uncertain body, not usually if ever exercising such powers, not elected by the voters, but drawn by

lot, and not requiring even the supervision of the court, yet vested by the act with authority to overrule without appeal the constitutional officers chosen by the electors to administer this class of their affairs." No such language, however, can be applied to the amended act of 1876, for by it the court, a continuing, unshifting and certain tribunal elected by the people and always safely to be trusted in its supervision of county affairs, must act in conjunction with the grand jury before public funds can be expended by the commissioners, and which are not to be expended until they have an opportunity to be heard before a jury in the common pleas on the question of the damages to be paid by the county. But for Stegmaier v. Jones, 203 Pa. 47, which is likely to remain the limit to which we shall go in declaring an act unconstitutional for want of any indication in its title of an important feature in it, it is not probable that the constitutionality of the act of 1876 as amended would be questioned. There is not another of our cases on which the appellants could pretend to rely. In the other case cited by them, Dailey v. Potter County, 203 Pa. 593, the deficiency of the title of the Act of June 6, 1893, P. L. 328 was so manifest from an inspection of the terms of the act that we need consume no time in showing that the case is of no use to them.

The decree of the court below, based upon the constitutionality of the act, is affirmed and the appeal dismissed at the costs of appellants.