# Page *v.* Carr.

*Mechanics' liens—Constitutional law—Special legislation—Act of June 4, 1901, P. L. 431—Title of act.*

1. Section 13 of the mechanics' lien Act of June 4, 1901, P. L. 431, which gives priority to mechanics' liens over advance money mortgages is embraced within the purview of the title of the statute but is unconstitutional because it violates the provisions of art. III, sec. 7, of the constitution in that it gives to mechanics' liens a preference and a priority of payment greater than they possessed before the adoption of the present constitution.

2. The title of an act of assembly need not be a general index to the contents of an act but it is sufficient if it relates to one general sub-

ject, no matter how the details may be multiplied, provided they are subordinate to the general purpose of the act and germane to its provisions.

*Constitutional law—Statutes—Lapse of time.*

3. If a statute is plainly in conflict with the organic law, mere lapse of time cannot cure the defect.

Argued March 24, 1911. Appeals, Nos. 368 and 369, Jan. T., 1910, by James J. Finn and Thomas Jennings, trading as Finn & Jennings, claimants, and the Germantown Woodworking Company, claimant, from the order of C. P. No. 1, Phila. Co., March T., 1909, No. 1,225, awarding distribution in case of Harlan Page, mortgagee, v. John H. Carr, mortgagor, and Charles C. Norris, Jr., real owner. Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Distribution of a fund raised by sheriff's sale under a judgment upon a scire facias sur mortgage. Exceptions to report of George DeB. Myers, Esq., auditor.

From the record it appeared that Harlan Page, mortgagee, issued a scire facias sur mortgage against John H. Carr, mortgagor, and Charles C. Norris, Jr., real owner. Judgment for want of an affidavit of defense was entered on April 3, 1909, in the sum of $34,167. Under this judgment the mortgaged premises were sold by the sheriff on May 3, 1909, to Warren F. Martin for $25,000. The mortgaged premises which were sold under the levari facias, consisted of twenty-four dwellings and a large lot of ground adjoining them. Against the twenty-four dwellings a number of material men had filed mechanics' claims, and upon the petition of one of them, Reuben A. Fowler, the court below ordered the fund realized at the sheriff's sale to be paid into court for distribution. Pursuant to this order, upon September 27, 1909, the sheriff paid into court the sum of $23,559.22, being the balance of the $25,000 paid by the purchaser at the sheriff's sale, less city taxes and costs of suit.

The court appointed George DeB. Myers, Esq., auditor.

The claimants appearing before him were Harlan Page, mortgagee, and a number of mechanics' lien creditors, as follows: John M. B. Morrow, Reuben A. Fowler, Reliance Manufacturing Company, James Moore, and the present appellants, Finn and Jennings, and the Germantown Woodworking Company. After the testimony was taken by the auditor some of the mechanics' lien claimants filed petitions to have an issue awarded in order to have certain disputed questions of fact, raised by the testimony, determined by a jury. Subsequently these petitions and the rules thereon allowed by the court to show cause were withdrawn. On January 25, 1910, the auditor filed an interlocutory report, setting forth that the totel amount of the claims of the mechanics' lien creditors amounted to a trifle over $8,800, and that the claim of Harlan Page was for the entire fund under his judgment of $34,167. The court upon February 11, 1910, upon petition and rule allowed Harlan Page, ordered that $10,000 of the fund in court be paid to Mr. Page, as mortgagee.

The auditor upon April 7, 1910, completed his report, awarding the balance in court, amounting to $13,559.22, less the expenses of the audit, to Harlan Page, mortgagee.

Exceptions to the auditor's report were filed by Harlan Page, Reuben A. Fowler, Finn & Jennings, Germantown Woodworking Company, John M. B. Morrow and the Reliance Manufacturing Company. The auditor dismissed all the exceptions in his final report. The court dismissed the exceptions and confirmed the auditor's report.

*Errors assigned* were in dismissing exceptions to auditor's report.

*Stanley Folz,* with him *Leon H. Folz,* for appellants.— The mechanics' lien act is constitutional and the title of the act sustains the thirteenth section: Com. v. Butler, 99 Pa. 535; Sugar Notch Borough, 192 Pa. 349; Likins's Petition, 223 Pa. 456; Com. v. Charity Hospital, 198 Pa. 270; Blood v. Mercelliott, 53 Pa. 391; Com. v. Jones, 4 Pa. Superior Ct. 362:. Hays v. Cumberland County, 186

Pa. 109; Com. v. Moir, 199 Pa. 534; Com. v. Broad Street, etc., Ry. Co., 219 Pa. 11.

Section 13 is not special legislation within the inhibition of art. III, sec. 7, of the constitution.

Drastic and fantastic remedies unlike anything in the previous history of our mechanic's lien laws, and in no wise a proper feature of the system, will not be sustained: Henry Taylor Lumber Co. v. Carnegie Institute, 225 Pa. 486.

The provisions of the Act of June 8, 1881, P. L. 56, and of the similar section of the act of 1901 have stood upon our books for thirty years. Within that time they have met with the entire acquiescence of the profession in their constitutionality.

*Sheldon Potter,* of *Potter, Dechert & Norris,* with him *Alfred S. Miller,* for appellee.

OPINION BY MR. JUSTICE POTTER, July 6, 1911:

Two appeals from the same judgment, involving the same question of law, are here presented by different appellants. The question arises upon the distribution of a fund realized from the foreclosure of a mortgage, which represented purchase money, although it was postponed to the lien of advance money mortgages in aid of a building operation. The principal question raised is the constitutionality of the thirteenth section of the mechanic's lien Act of June 4, 1901, P. L. 431, which gives priority to mechanics' liens over advance money mortgages. The learned auditor appointed by the court below to make distribution of the fund, held that the thirteenth section above referred to, was unconstitutional and void, and awarded the fund to the holder of the mortgage. He based his conclusion upon two grounds, the first being that the subject of the statute was not clearly expressed in the title, and therefore it was in violation of art. III, sec. 3, of the constitution. We are not impressed with the strength of this proposition. As was said in Gilbert's

Estate, 227 Pa. 648: "It has been decided over and over again that the title need not be a general index to the contents of an act, but that it is sufficient if it relates to one general subject, no matter how the details may be multiplied, provided they are subordinate to the general purpose of the act and germane to its provisions." And in Bridgewater Boro. v. Bridge Co., 210 Pa. 105, our Brother BROWN said (p. 108): "If the title fairly gave notice of the subject of the act, so as to reasonably direct inquiry into its body, the constitutional requirement was not violated: State Line & Juniata R. R. Co.'s Appeal, 77 Pa. 429; Carothers v. Phila. Co., 118 Pa. 468; Dailey v. Potter County, 203 Pa. 593." The evil of loading the title of an act with details, in the effort to express the subject clearly, was pointed out in Com. v. Broad St. Ry. Co., 219 Pa. 11, by Chief Justice MITCHELL, where he says (p. 17): "It has always been held that the title of an act need not be a complete index to its contents. The time has come to say that it not only need not, but ought not." The auditor felt that the title indicated that it affected only "parties to" building contracts, and gave no notice to anyone other than "parties to" such contracts that they might be affected by the legislation. But the title gives notice of more than this when it describes the act as regulating the effect of contracts for work and labor to be done, and labor and materials to be furnished to any building, etc. When this statute was enacted, there was other legislation in existence upon the subject of the priority of mechanics' liens over advance money mortgages, and the notice in the title of this act, as to repealing, consolidating and extending existing laws in relation to building contracts was sufficient to put parties interested in the effect of such contracts, upon notice. It is plain that the act was intended to be a codification of the law relating to claims under contracts for work done and materials furnished to buildings. Such work may be done, and such materials may be furnished by others than mechanics, so there can be no special significance in the

fact that the phrase "mechanics' liens" does not appear in the title so long as descriptive words are used which include not merely mechanics but others who are entitled to protection for their claims, under the act.

Our difficulty in this instance is not with the title, but is with the second proposition, as to whether the thirteenth section offends art. III, sec. 7 of the constitution, which provides, "The General Assembly shall not pass any local or special law . . . . providing or changing methods for the collection of debts, or the enforcing of judgments, or prescribing the effect of judicial sales of real estate." The scope of this provision with respect to various sections of this statute of 1901 has been so thoroughly discussed in several late opinions of this court, that little remains to be said by way of amplification.

Thus the twenty-eighth section, which gave to a subcontractor or material man the right to issue an attachment execution against the owner, or other party indebted to the contractor for labor or materials furnished, was held unconstitutional in Vulcanite Cement Co. v. Allison, 220 Pa. 382.

Section 46, which provided for the enforcement of the judgment on the lien by a special fi. fa. under the Act of April 7, 1870, P. L. 58, was, in Vulcanite Paving Co. v. Transit Co., 220 Pa. 603, held to violate the constitution.

Section 38, which permitted mechanics' liens to be filed against a building, without reference to the land, and provided for the sale and removal of the building for the benefit of lien holders, was held to be within the ban, in the opinion in the case of Henry Taylor Lumber Co. v. Carnegie Institute, 225 Pa. 486; and

Section 35, which gave the right to enter a personal judgment against a contractor who has been served with the original scire facias or any scire facias to revive, was held to violate the same provision of the constitution, in Sterling Bronze Co. v. Improvement Assn., 226 Pa. 475.

Turning to the question now before us, it appears that prior to the constitution of 1874, advance money mort-

gages had priority over mechanics' liens. In Henry Taylor Lumber Co. v. Carnegie Institute, 225 Pa. 486, this court said (p. 493): "The whole act of 1901 is legislation for a special class of creditors, some of the provisions of which are permissible because the constitution of 1874 did not intend to wipe out the system to which they relate; but those providing special methods or changing old ones for the collection of debts due the special class of creditors or for the enforcement of judgments recovered by them are prohibited by the organic law."

The result of the decisions above noted, is to make it clear that any provision of the act of 1901 which is clearly divergent from, and is an advance upon the law as it stood prior to the constitution of 1874, is to be regarded as invalid. As the effect of sec. 13 is to grant to mechanics' liens a preference, and to give to them a priority of payment that they did not have, and to which they were not entitled prior to the present constitution, it must be held invalid. As the learned auditor says, "The plain and practical result of the act is that the mechanic has in the enforcement of his liens, higher rights and greater privileges under the statute than he had prior to the constitution, which forbids the extension of the lien." It was urged in the argument of counsel for appellant, that the section in question is substantially a re-enactment of the earlier act of 1881, and that long acquiescence in the similar provisions of the former statute should have controlling weight now, in favor of the constitutionality of the section. The answer to this suggestion may be found in the late opinion of this court in Kucker v. Oil Co., 230 Pa. 528, where an argument similar in that respect was made. If a statute is plainly in conflict with the organic law, mere lapse of time cannot cure the defect.

We agree with the conclusion reached by the auditor as set forth in his able report, and affirmed by the court below, that the thirteenth section of the Act of June 4, 1901, P. L. 431, violates the provisions of art. III, sec. 7, of the constitution, in that it gives to mechanics' liens a

higher dignity, and greater priority than they possessed before the adoption of the present constitution. Distribution of the fund realized was therefore properly made to the mortgage creditor. The assignments of error are overruled, and the decree of the court below is affirmed.