## Commonwealth v. Moore

*E. Leroy Keen,* assistant district attorney, *Karl E. Richards,* district attorney, *W. Justin Carter, Carlyle M. Tucker,* and *Saul C. Waldbaum,* for Commonwealth.

*Nauman, Smith & Hurlock,* for defendant.

HENRY, P. J., fifty-second judicial district, specially presiding, May 3, 1938.—Defendant is indicted for a violation of the Civil Rights Act of May 19, 1887, P. L. 130, as amended by the Act of June 11, 1935, P. L. 297. The indictment charges in the first count that defendant,

being the manager of the Penn-Harris Hotel, a place of public accommodation in the City of Harrisburg, in Dauphin County, did unlawfully, wilfully, and maliciously refuse, withhold from, and deny to Arthur H. Fauset, Esther Winters, and Helen Morales, the accommodations, advantages, facilities, and privileges of the said Penn-Harris Hotel, on account of the race and color of the said Arthur H. Fauset, Esther Winters, and Helen Morales, and in the second count of the indictment charges defendant, as manager of the said Penn-Harris Hotel, with unlawfully, wilfully, and maliciously refusing to serve food to the said Arthur H. Fauset, Esther Winters, and Helen Morales to which they were entitled, on account of the race and color of the said Arthur H. Fauset, Esther Winters, and Helen Morales.

Defendant has moved to quash the indictment. The district attorney has demurred to the motion to quash.

In support of the motion to quash, defendant has filed a number of reasons, paragraph 2 of the motion, in five subdivisions attacking the constitutionality of the Act of 1935, supra, as amending the Act of 1887, supra, known as the Civil Rights Act.

(*a*) Defendant claims that the amended title of the Act of 1935 does not give sufficient notice of the amending provisions of the act. The title of the amending Act of 1935 refers to the original Act of 1887 as " 'An act to provide civil rights for all people, regardless of race or color,' amplifying and extending the provisions of said act, and increasing the penalties for violation thereof." There is surely enough to give reasonable notice that the Civil Rights Act of 1887 is being extended, clarified, and amplified, and increasing the penalties for a violation of the amended act. It has been so frequently held, that it is hardly necessary to cite an authority, that the title to an act need not be a general index of the contents of the act but that it is sufficient if it relates to one general subject and gives reasonable notice of the subject of the act and its

contents: Page v. Carr, 232 Pa. 371, 375; Gilbert's Estate, 227 Pa. 648; Soldiers and Sailors Memorial Bridge, 308 Pa. 487, 490, and cases there cited.

(*b*) A second objection to the constitutionality of the amending act is that it repeals by implication that portion of the original act by which a violation of the act is made a misdemeanor, and fails to designate whether a violation of the amended act is a felony or a misdemeanor. We do not subscribe to the thought that that portion of the original act making the offense a misdemeanor is repealed by the amendatory act. But even if this were so, it is not necessary for the legislature, in designating certain acts as criminal and fixing penalties for their violation, to designate whether the offense is to be called a felony or a misdemeanor. In the absence of a designation of the violation as being a felony, it follows that the act is classed as a misdemeanor.

(*c*) Objection is made that the act does not specify that any violation thereof is an indictable offense. Here again we know of no law or policy of the law that requires the legislature to say in creating a criminal law or prescribing penalties that it shall be indictable. It follows that, in the administration of the criminal law where the legislature prescribes the act is punishable by fine or imprisonment, the only proper way to raise and determine the question of fact with relation to the commission or non-commission of the act in question is by an indictment to be considered and passed upon by a jury.

(*d*) The objection raised under this subdivision is that the act does not provide that the penalties shall be imposed "upon a conviction". The act specifically provides:

"Any person who shall violate any of the provisions of this act or who shall aid or incite the violation of any said provisions shall for each and every violation thereof be fined not less than one hundred dollars nor more than five hundred dollars, or shall be imprisoned for a period of not less than thirty days nor more than ninety days."

The only reasonable construction of this portion of the act is that these penalties shall be imposed upon a conviction of any person who violated the provisions of the act.

(e) In this subdivision of the objections, fault is found with the want of specifying the court to have jurisdiction in case of a violation of the act. Where the legislature provides that upon commission of a certain act the person shall be punished by a fine or imprisonment without anything more, the case is punishable under our general laws relating to the courts of quarter sessions of the peace and the courts of oyer and terminer. The Act of March 31, 1860, P. L. 427, sec. 32, gives to the courts of quarter sessions of the peace in this Commonwealth jurisdiction and power within the respective counties, "To inquire, by the oaths or affirmations of good and lawful men of the county, of all crimes, misdemeanors and offences whatsoever, against the laws of this Commonwealth, which shall be triable in the respective county." And in section 31 of the same act the courts of oyer and terminer and general jail delivery have power, "To inquire by the oaths and affirmations of good and lawful men of the county, of all crimes committed, or triable in such county." And in a subsequent paragraph of the same section of the same act the courts of oyer and terminer are clothed with exclusive jurisdiction in certain cases.

These five subdivisions of the attack upon the constitutionality of the act are what has been termed by the courts a "dragnet", and we find no substantial ground for the attack upon the constitutionality of the act. Indeed, in Commonwealth v. George, 61 Pa. Superior Ct. 412, originating in this court, the Act of 1887 and its constitutionality was there upheld in an opinion by Judge Kephart, then of the Superior Court. While it is true that the title of the act was not separately there considered, yet the act was considered as a whole and upheld as a valid exercise of the police power by the State. There is nothing now advanced to warrant a conclusion differing from the force of that opinion.

Another reason advanced in support of the motion to quash is that the Penn-Harris Hotel, the place of business of which defendant is averred to have been the manager, "is a place of public accommodation which is in its nature distinctly private". A clause of the amending act provides that "nothing herein contained shall be construed to include any institution, club or place or places of public accommodation, resort or amusement, which is or are in its or their nature distinctly private, or to prohibit the mailing of a private communication in writing sent in response to a specific written inquiry". This portion of the act is nothing more than an attempt to clarify its interpretation and construction. It designates that a proper construction of the act shall not extend to institutions or clubs, etc., which are in their nature "distinctly private". The indictment itself sets forth that the hotel in question is a "place of public accommodation", and this in itself would rebut the inference that the place in question is "distinctly private". But irrespective of this, if the place is of a private nature, it is a matter of defense and not a matter necessary to be pleaded in the indictment.

Three additional reasons were filed in support of the motion to quash. In the first it is contended that the indictment charges no indictable offense. This has been indirectly referred to in disposing of clause ($c$) of the first reason assigned to the motion to quash. An act making an offense punishable by fine or imprisonment, or both, makes the offense indictable without any indication upon the part of the legislature that the offense shall be punishable through indictment.

A second additional objection is that the indictment is insufficient for failure to aver that the refusal to grant accommodations was without sufficient cause. An answer to this is that the indictment charges defendant with unlawfully, wilfully, and maliciously refusing to accommodate and furnish food on account of the race and color to the said Arthur H. Fauset, Esther Winters, and Helen Morales. This in itself would rebut any inference that the

refusal to accommodate and serve was without sufficient cause. But irrespective of this reason, it is not necessary for the indictment to set forth matters of defense, and that the act of defendant was justified for some sufficient cause would be a matter of defense.

The third additional reason is that the indictment is insufficient in that it fails to allege that the persons to whom accommodations were refused were persons within the jurisdiction of the Commonwealth. The amendatory act does provide that "All persons within the jurisdiction of this Commonwealth shall be entitled" to the protection of the provisions of the act, and it is always good pleading to follow the provisions of the act under the authority of the Act of 1860, supra, sec. 11, but the want of pleading in the exact words of the act cannot result in its being quashed, if there is sufficient in the charge of the indictment to indicate that, as in this instance, the persons desiring the accommodation and food were "persons within the jurisdiction of this Commonwealth". The indictment charges that defendant refused to accommodate and furnish food to Arthur H. Fauset, Esther Winters, and Helen Morales at the Penn-Harris Hotel, a place of public accommodation in the City of Harrisburg, Dauphin County, Pa. The court takes judicial notice of the City of Harrisburg being in Dauphin County and that Dauphin County is within the jurisdiction of the Commonwealth of Pennsylvania, so that there is a sufficient averment of the refusal to accommodate and furnish food to these people on account of race and color at the Penn-Harris Hotel in the City of Harrisburg, Dauphin County, Pa. The purpose of an indictment is to apprise defendant of the charge against him, and to set forth with sufficient particularity the offense in order that defendant cannot be charged for the same offense in a subsequent prosecution. There is sufficient in this indictment for these purposes as well as sufficient indication that these persons were in the City of Harrisburg at the time of the refusal of defendant for accommodation and food.

We find that the Act of 1935, supra, is constitutional. We also find that the indictment framed thereunder is a proper presentation of the charge against defendant under the Act of 1935, and the motion to quash must be overruled.

And now, to wit, May 3, 1938, the motion to quash is overruled with direction to defendant to plead to the indictment.